IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | | |
|---|---|---|
| ELROY LADELL RICHMAN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| VS. | ) | No. 16-2401-JDT-tmp |
| | ) | |
| GEORGE W. BUSH, ET AL., | ) | |
| | ) | |
| Defendants. | ) | |

ORDER ADOPTING REPORT AND RECOMMENDATION FOR DISMISSAL,
CERTIFYING AN APPEAL WOULD NOT BE TAKEN IN GOOD FAITH
AND DENYING LEAVE TO APPEAL *IN FORMA PAUPERIS*

On June 6, 2016, Plaintiff Elroy Ladell Richman, a resident of West Memphis, Arkansas, filed a *pro se* complaint on the form used for commencing actions pursuant to 42 U.S.C. § 1983 (ECF No. 1), accompanied by a motion to proceed *in forma pauperis* (ECF No. 2). On June 8, 2016, U.S. Magistrate Judge Tu M. Pham issued an order granting leave to proceed *in forma pauperis*. (ECF No. 5.) Plaintiff filed an amended complaint on June 9, 2016. (ECF No. 6.)

On August 3, 2016, Magistrate Judge Pham issued a Report and Recommendation ("R&R") in which he recommended dismissing the case *sua sponte* pursuant to 28 U.S.C. § 1915(e)(2)(B). (ECF No. 7.) Objections to the R&R were due on or before August 22, 2016. *See* Fed. R. Civ. P. 72(b)(2); *see also* Fed. R. Civ. P. 6(a), (d). However, Plaintiff has filed no objections.

In Plaintiff's original complaint, he appears to allege that the Defendants discriminated against him with regard to his release from the military, using improper procedures to avoid giving him a proper retirement and stating the truth about what he did on September 11, 2001, and at Fort Hood in Texas. (ECF No. 1 at 2.) In the amended complaint, Plaintiff seems to allege that he has advised former Presidents George H.W. Bush, Bill Clinton and George W. Bush on various matters, as well as advising President Barack Obama on foreign policy, via whitehouse.gov. (ECF No. 6 at 1.) In addition, he alleges the United States "put [him] at a disadvantage" by changing the law and manipulating the constitution. The government allegedly "changed [his] history with information part false and part the truth by manipulating my documents to the truth but it was the truth on crooked design of military forms and papers." (*Id.* at 2.)

Plaintiff wants the U.S. Supreme Court to conduct a "complete review of [his] retirement status and situation." (*Id.* at 3.) He further wants to be "respected with an [sic] proper retirement" and "to tell the American people nationally with the press what [he] did as a civilian under government and what I did as a soldier along with the four Presidents I served under." (*Id.*)

In the R&R, Magistrate Judge Pham found that Plaintiff's complaint and amended complaint in this case raise essentially the same claims, against the same defendants, that he raised in a previous case which was dismissed *sua sponte* for failure to state a claim. *See Richman v. Bush, et al.*, No. 16-2089-JDT-tmp (W.D. Tenn. June 3, 2016). Therefore, the Magistrate Judge concluded this action is barred by the principles of *res judicata*.

The Court finds no error in the Magistrate Judge Pham's determination that this case is barred by *res judicata*. The R&R is ADOPTED, and this case is DISMISSED pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

The Court must also consider whether Plaintiff should be allowed to appeal this decision *in forma pauperis*, should he seek to do so. Pursuant to the Federal Rules of Appellate Procedure, a non-prisoner desiring to proceed on appeal *in forma pauperis* must obtain pauper status under Federal Rule of Appellate Procedure 24(a). *See Callihan v. Schneider*, 178 F.3d 800, 803-04 (6th Cir. 1999). If a party seeks pauper status on appeal, he must first file a motion in the district court, along with a supporting affidavit. Fed. R. App. P. 24(a)(1). However, Rule 24(a) also provides that if the district court certifies that an appeal would not be taken in good faith, or otherwise denies leave to appeal *in forma pauperis*, the party must file a motion to proceed *in forma pauperis* in the Court of Appeals. Fed. R. App. P. 24(a)(4)-(5).

The good faith standard is an objective one. *Coppedge v. United States*, 369 U.S. 438, 445 (1962). The test for whether an appeal is taken in good faith is whether the litigant seeks appellate review of any issue that is not frivolous. *Id.* The same considerations that lead the Court to dismiss this case for failure to state a claim also compel the conclusion that an appeal would not be taken in good faith.

It is CERTIFIED, pursuant to Federal Rule of Appellate Procedure 24(a), that any appeal in this matter by Plaintiff is not taken in good faith. Leave to appeal *in forma pauperis* is, therefore, DENIED. Accordingly, if Plaintiff files a notice of appeal, he must

3

also pay the full $505 appellate filing fee or file a motion to proceed *in forma pauperis* and supporting affidavit in the Sixth Circuit Court of Appeals.

The Clerk is directed to prepare a judgment.

IT IS SO ORDERED.

 s/ **James D. Todd**
JAMES D. TODD
UNITED STATES DISTRICT JUDGE